People v Francois (2021 NY Slip Op 05584)





People v Francois


2021 NY Slip Op 05584


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2019-04344
 (Ind. No. 331/17)

[*1]The People of the State of New York, respondent,
v
Jahleave Francois, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher and Robert C. Feliu of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered March 20, 2019, convicting him of tampering with physical evidence, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of tampering with physical evidence (Penal Law § 215.40[2]), for removing a motorcycle from the scene of an accident in which that motorcycle was allegedly involved. A police officer testified at the trial that he observed the defendant mount the motorcycle and "start to ride off with it." Although the officer "called out" to the defendant and directed him to stop, the defendant failed to comply. Instead, the defendant rode away, looking over his left shoulder at the officer.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court